### TIBBS v. DEEMER MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. October 3, 1910.)

No. 2,050.

MASTER AND SERVANT (§§ 285, 286, 288, 289*)—INJURIES TO SERVANT—NEGLI-GENCE—QUESTION FOR JURY.

> Where, in an action for injuries to a servant, there was evidence indicating that defendant was negligent in furnishing plaintiff certain· defective tongs to be used in connection with a log skidder, and that such negligence was the·cause of plaintiff's injury, and.the evidence did not show as a matter of law that plaintiff was either negligent or assumed the risk, the court erred in refusing to submit the case to the jury.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1110–1132; Dec. Dig. §§ 285, 286, 288, 289.*]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs..1907 to date; & Rep'r Indexes

Action by J. A. Tibbs against the Deemer Manufacturing Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

S. A. Witherspoon, for plaintiff in error.
C. C. Dunn, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The plaintiff in error, J. A. Tibbs, brought this suit against the defendant in error, the Deemer Manufacturing Company, to recover damages for personal injury caused to have been received by him through the negligence of the defendant. The suit was instituted in the state court in Neshoba county, Miss., and was removed by the defendant to the Circuit Court of the United States for the Southern District of Mississippi on the ground of the diverse citizenship of the parties. The declaration states, in substance, that the defendant owns a large sawmill in Neshoba county, and from its mill has constructed and operates a railroad out into the pine forests from which it secures the logs to be manufactured into lumber. Upon this railroad is operated two skidding machines, to which are attached very long wire ropes, and to the end of each of these ropes is fastened a pair of tongs made of iron bars, and the teeth or points of these tongs are fastened into the end of the logs, which are then drawn to the side of the railroad by the power of the skidding machine. The plaintiff was the foreman of the crew which operated the skidding machine and brought the logs from the woods to the railroad; and his complaint is that the defendant failed to use ordinary care in providing the crew with suitable and safe tongs, alleging that the tongs provided were entirely too small, weak, and insufficient for the purpose of their use, and were, therefore, unsafe and dangerous. The plaintiff notified the superintendent of the defendant, one Tedford, that the tongs or hooks were unsafe, and was promised by the superintendent that, if he would continue in the service of the defendant, it would supply him with larger and stronger hooks or tongs, which would be safe and suitable for the work; that this promise had not been fulfilled when, on the 30th day of June, 1908, one of the hooks, which had been fastened to the end of a log which the skidding machine was drawing to the railroad, gave way, and, slipping off the end of the log, was thrown with great force and violence along the line towards the skidding machine, and in its passage struck a tree, and, rebounding from the tree, glanced to the position of the plaintiff, knocking him down and breaking both of his legs, disabling him permanently. It states that the plaintiff had taken his position about 41 feet from the line along which the log was being dragged, which was a position of reasonable safety, had the tongs been suitable and safe. The negligence of the defendant, as averred, consisted in not providing suitable and safe hooks or tongs.

The defendant pleaded the general issue, and, according to the practice in Mississippi, gave notice of special matters of defense. These notices state, in substance: (1) That the plaintiff had knowledge of the insufficiency of the tongs or hooks, and therefore assumed the risk.

182 F.—4

(2) That the tongs or hooks were of the make or size commonly used at that time. (3) That the plaintiff selected an unsuitable and unsafe route over which to drag the log. (4) That the log in its course to the railroad struck a root or stump, which obstruction subjected the tongs or hooks to an unusual and extraordinary strain, and that it was caused to come loose by this strain, and not by any defect or weakness. (5) That the log in its course was obstructed by a claybank, and that, instead of detaching the log from the claybank, the plaintiff negligently caused the engineer to put on an extra amount of force to overcome the obstruction, and that this negligence of the plaintiff, and not the defects of the tongs or hooks, caused them to pull out of the log and wind around a tree. (6) That, when the cable and tongs were wound around the tree, the plaintiff negligently caused the engineer to put on more force to unwind the cable, instead of unwinding it with his hand, and that in thus unwinding it the tongs struck and injured plaintiff. (7) That while the log was being dragged to the road, and while it was held by the claybank, and while the tongs were being unwound from the tree, the plaintiff's position was dangerous, and that he was negligent in taking such position. These seven contentions of the defendant are denied in the counternotice of the plaintiff.

On the trial, the plaintiff testified in his own behalf. He also called and examined as a witness V. M. Tedford, who testified that on the 30th of June, 1908, the day when the injury was received, he had charge of the Deemer Manufacturing Company's works; was superintendent; that he had all authority, hired and discharged men, raised and lowered the wages, etc. Plaintiff also called and examined as a witness J. R. McCall, who testified that at the time the injury was received he was handling the engine of the skidding drum; he was called the engineer in the work that the plaintiff was conducting with it; he saw the plaintiff when he was hurt. Plaintiff also called and examined as a witness Mr. E. G. Brooks, who testified that:

"On the 30th of June, 1908, when the plaintiff was hurt, Mr. Tibbs was my foreman, and I was working under him."

The plaintiff also called and examined G. W. Bailey, who testified that at the time the plaintiff was hurt, this witness was working for the company in the blacksmith shop, where the tongs were made and repaired. Mr. J. L. Beard, a witness, was called and examined for the plaintiff, who testified that at the time the plaintiff was injured the witness was working for the Deemer Manufacturing Company in the woods with the skidder, or near the skidder, and had helped to tong the log. A physician, who had examined the plaintiff when he was hurt, testified as to his injuries; and an insurance man testified as to life expectancy. These witnesses were examined fully by counsel for the plaintiff, and cross-examined exhaustively by counsel for the defendant; displayed a diagram of the location, showing the position of the railroad track with the skidder engine on it, of the log, of the place where the plaintiff was standing when he was hurt, the amount of steam the skidder engine had on, and all the details conceivable to picture fully to the jury the circumstances surrounding the actors at the time of the injury, with the proof of the blacksmith as to the material

and construction of the tongs, etc. Whereupon the plaintiff rested. And the evidence which had been offered by him was all the evidence introduced on the trial of the cause.

The defendant offered no evidence of any character, but, at the conclusion of the evidence for the plaintiff, moved the court to exclude all the testimony of the plaintiff from the jury, and to give the jury a peremptory instruction to find a verdict for the defendant, which motion being argued, and considered by the court, was sustained; and the court excluded from the jury all the testimony of the plaintiff, and instructed the jury to find a verdict for the defendant, to which action of the court the plaintiff then and there duly excepted; and thereupon the jury returned the verdict, "We, the jury, find for the defendant," on which the judgment for the defendant was rendered; and the plaintiff sued out this writ of error, and assigns for error that the court erred in excluding the testimony of the plaintiff, and in instructing the jury to find for the defendant.

In our opinion, this assignment is manifestly well taken: (1) For there was evidence tending to show that the defendant was negligent in furnishing defective tongs, and that such negligence caused plaintiff's injury; (2) the evidence does not show, as a matter of law, that plaintiff was either negligent or assumed the risk attendant upon the work in hand. It seems manifest to us that the court erred in refusing to submit the case to the jury, and that the judgment should be reversed, and the cause remanded to the Circuit Court, with direction to award the plaintiff a new trial.

And it is so ordered.